**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5048**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MUSHULLA SALEEM NIXON, a/k/a M'Shulla,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (4:07-cr-00053-FL-1)

Submitted:  November 17, 2009        Decided:  November 19, 2009

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Douglas E. Kingsbery, THARRINGTON SMITH, L.L.P., Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina; Joshua B. Royster, UNITED STATES DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mushulla Saleem Nixon seeks to appeal his conviction after pleading guilty pursuant to a written plea agreement, for conspiracy to distribute and possess with intent to distribute more than fifty grams of crack cocaine, and the resulting 277-month sentence. On appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that in his opinion, there are no meritorious issues for review, but questioning whether appeal waivers are invalid as a matter of law, that Nixon's plea was not knowing and voluntary, and that the district court committed procedural error in calculating the Sentencing Guidelines range. Specifically, Nixon contends that the district court erred in overruling his objections to enhancements for his role in the offense, possession of a firearm, the use of a minor in commission of the offense, the use of drug quantities obtained from his protected statement, and the use of certain prior convictions, which were allegedly part of the relevant conduct, to compute his criminal history score. Nixon was notified of his right to file a pro se supplemental brief but has not done so.

The Government has moved to dismiss the appeal, asserting that it is barred by Nixon's appellate waiver in the validly entered plea agreement. Nixon's counsel has responded

2

that the motion to dismiss should be denied based on the reasons asserted in the Anders brief.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with Federal Rule of Criminal Procedure 11, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Nixon knowingly and voluntarily waived the right to appeal any sentence that was not above the advisory Sentencing Guidelines range and any issues relating to the establishment of the Guidelines range. The sentencing issues Nixon raises on appeal fall within the scope of this waiver. We therefore grant the Government's motion to dismiss in part and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not

preclude our review of any errors in Nixon's conviction that may be revealed pursuant to the review required by Anders. In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore deny the Government's motion to dismiss in part and affirm Nixon's conviction.

This court requires that counsel inform Nixon, in writing, of the right to petition the Supreme Court of the United States for further review. If Nixon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nixon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4